Joel E. Tasca
Nevada Bar No. 14124
Justin A. Shiroff
Nevada Bar No. 12869
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
tasca@ballardspahr.com
shiroffj@ballardspahr.com

Nathan R. Marigoni
Utah Bar No. 14885
(admitted pro hac vice)
201 South Main Street, Suite 800
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
marigonin@ballardspahr.com

*Attorneys for Plaintiff The Bank of New York Mellon, successor trustee to JPMorgan Chase Bank, National Association, as Trustee f/b/o holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2005-10, Mortgage Pass-Through Certificates, Series 2005-10*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, AS TRUSTEE F/B/O HOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST 2005-10, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-10,<br><br>Plaintiff,<br><br>vs.<br><br>POSHBABY L.L.C. SERIES 6653 GOLDENCREEK WAY, a Nevada limited liability company; SMOKE RANCH MAINTENANCE DISTRICT, a Nevada non-profit corporation.<br><br>Defendant. | Case No. 2:16-cv-02802-KJD-GWF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES FOR THE LIMITED PURPOSE OF CONDUCTING DEPOSITIONS**<br><br>**(FIFTH REQUEST)** |

DMWEST #17585653 v1

Pursuant to Local Rule 26-4 and the Court's Scheduling Order, Plaintiff The Bank of New York Mellon, successor trustee to JPMorgan Chase Bank, National Association, as Trustee f/b/o holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust 2005-10, Mortgage Pass-Through Certificates, Series 2005-10 ("Trustee"), Defendant Poshbaby L.L.C. Series 6653 Goldencreek Way ("Poshbaby"), and Defendant Smoke Ranch Maintenance District ("Smoke Ranch") by and through their respective counsel of record, hereby agree and respectfully submit this stipulation as follows:

Stipulated Amendment of Scheduling Order

**1.      Statement of Discovery Completed**

On February 1, 2018, the Court granted the parties' fourth stipulation to extend discovery for the limited purpose of conducting depositions, which set the following relevant deadlines:

(a)     Depositions Complete and Close of Discovery: April 3, 2018

(b)     Dispositive Motions: May 3, 2018

(c)     Pretrial Order: June 1, 2018 (suspended upon the filing of dispositive motions until 30 days after decision on any dispositive motions).

Trustee has completed the following:

1. Service of its Initial Disclosures on April 4, 201;
2. Service of written discovery to Poshbaby and Smoke Ranch on June 30, 2017;
3. Service of subpoenas to produce documents and for deposition to third-party Red Rock Financial Services on July 11, 2017; and
4. Service of Deposition Notices to Poshbaby and Smoke Ranch on December 6, 2017.

Poshbaby has completed the following:

1. Service of its Initial Disclosures on April 5, 2017;
2. Response to Trustee's Requests for Admission on December 13, 2017;

3. Service of Deposition Notice to Trustee on December 18, 2017;

4. Response to Trustee's written discovery on March 15, 2018.

Smoke Ranch has completed the following:

1. Service of its Initial Disclosures on September 8, 2017; and

2. Response to Trustee's written discovery on December 8, 2017.

**2. Discovery that Remains to be Completed**

Written discovery has been completed as of March 15, 2018, when Trustee received Poshbaby's responses to written discovery. In the event the parties cannot reach a settlement, Trustee intends to take the depositions of Poshbaby, Smoke Ranch, and other witnesses whose deposition may become necessary. Poshbaby intends to take the deposition of Trustee.

**3. The Reasons Why Remaining Discovery Was Not Completed**

Poshbaby and Trustee have continued to work toward a settlement in this matter, and believe a settlement is likely to resolve this case without the need to incur the significant cost of conducting depositions and resolving outstanding discovery issues in this case. The parties believe the Court's and their own resources are best put toward settlement rather than further litigation expense. Trustee also recently received, on March 15, 2018, the written discovery responses necessary to adequately prepare for and conduct a deposition of Poshbaby. Accordingly, the parties have agreed that depositions should be deferred both to allow settlement negotiations to continue without incurring the significant cost of conducting depositions and, in the event settlement is not reached, to allow the parties adequate time to notice and prepare for any depositions.

Poshbaby and Trustee have used the time allowed by the Court's prior extension of discovery to engage in productive settlement talks, but have not yet reached agreement. Poshbaby and Trustee believe that a mutually agreeable settlement is a likely outcome in this case but they require additional time to work toward settlement. Good cause exists to grant the extension, because a limited

extension of discovery will preserve the parties' and the Court's resources with respect to remaining discovery issues and depositions, and will also increase the likelihood of a settlement by allowing the parties to defer or altogether avoid the cost of further discovery and litigation in favor of reaching a negotiated settlement. This request is not made for delay or for any other improper purpose.

**4.     Proposed Discovery Schedule**

The Parties stipulate and agree to an extension of discovery for the limited purpose of conducting depositions, subject to the following proposed deadlines:

(a)     Depositions Complete and Close of Discovery: Monday, July 2, 2018

(b)     Dispositive Motions: Wednesday, August 1, 2018

(c)     Pretrial Order: Friday, August 31, 2018 (suspended upon the filing of dispositive motions until 30 days after decision on any dispositive motions).

[*Remainder of page intentionally left blank.*]

DMWEST #17585653 v1

### 5. Trial

No trial date has been set in this matter.

Dated: March 28, 2018.

| | |
|---|---|
| BALLARD SPAHR LLP | PENGILLY LAW FIRM |
| By: /s/ Justin A. Shiroff<br>Joel E. Tasca, Esq.<br>Nevada Bar No. 14124<br>Justin A. Shiroff, Esq.<br>Nevada Bar No. 12869<br>1980 Festival Plaza Drive, Suite 900<br>Las Vegas, Nevada 89135 | By: /s/ Chad Fuss<br>James W. Pengilly, Esq.<br>Nevada Bar No. 6085<br>Elizabeth B. Lowell, Esq.<br>Nevada Bar No. 8551<br>1995 Village Center Circle, Suite 190<br>Las Vegas, Nevada 89134 |
| Nathan R. Marigoni<br>Utah Bar No. 14885<br>(admitted pro hac vice)<br>201 South Main Street, Suite 800<br>Salt Lake City, Utah 84111-2221 | *Attorneys for Defendant Smoke Ranch Maintenance District* |
| *Attorneys for Plaintiff* | |

AYON LAW

By: /s/ Luis A. Ayon
Luis A. Ayon, Esq.
Nevada Bar No. 9752
8716 Spanish Ridge Avenue
Suite 115
Las Vegas, Nevada 89148

*Attorney for Defendant Poshbaby L.L.C. Series 6653 Goldencreek Way*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 3/29/2018

DMWEST #17585653 v1